UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EGELER #630821,

    Plaintiff,                      Hon. Janet T. Neff

v.                                                  Case No. 1:17-cv-1099

CORIZON HEALTH, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Partial Summary Judgment</u>. (ECF No. 10). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted in part and denied in part**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (ECF No. 1). On June 3, 2013, Plaintiff was diagnosed with a hernia for which conservative treatment was prescribed. Plaintiff's hernia-related pain and symptoms nevertheless increased over time. On December 22, 2015, Plaintiff was examined by Dr. Robert Crompton. Plaintiff reported that he was experiencing "extreme pain" which interfered with his ability to function. Dr. Crompton reported that Plaintiff was experiencing a "large left inguinal hernia" which was causing his "intestine [to] protrude[] into [his] scrotum."

Dr. Crompton informed Plaintiff that he would "request a referral for a surgical consultation" and would also provide him with a prescription for ibuprofen. The doctor neglected,

-1-

however, to undertake either action compelling Plaintiff to submit a grievance on March 1, 2016. On March 16, 2016, Plaintiff was examined by a surgeon who recommended that Plaintiff undergo surgery. On March 29, 2016, Plaintiff submitted a healthcare request because he was experiencing "severe pain." Two days later, Plaintiff was examined by a nurse who provided Plaintiff with ten Tylenol tablets and stated that there was nothing else she could do for him.

Plaintiff continued to submit healthcare requests alleging that he was experiencing "severe pain" for which he was "receiving no treatment." On April 25, 2016, Plaintiff was transported to an "outside medical facility where he underwent corrective surgery to repair his hernia." Following this procedure, the surgeon prescribed Norco[1] to Plaintiff. When Plaintiff returned to MDOC custody he was examined by a nurse who provided him with ten ibuprofen tablets. When Plaintiff responded that the surgeon had prescribed Norco, the nurse informed Plaintiff that Dr. Crompton had cancelled that particular prescription and prescribed ibuprofen instead. Plaintiff met with Dr. Crompton on April 27, 2016. When Plaintiff asked Dr. Crompton why he cancelled his Norco prescription, the doctor "became visibly upset" and instructed Plaintiff to "get the hell out of here."

Plaintiff initiated this action against Dr. Crompton and Corizon Health, Inc. Plaintiff alleges that Defendants denied him appropriate medical treatment in violation of his Eighth Amendment rights and subjected him to unlawful retaliation in violation of his First Amendment rights. Defendants now move for partial summary judgment on the ground that Plaintiff has failed to properly exhaust administrative remedies as to many of his claims.

## SUMMARY JUDGMENT STANDARD

---

[1] Norco is an opioid pain reliever used to treat moderate to severe pain. *See* Norco, available at https://www.webmd.com/drugs/2/drug-63/norco-oral/details (last visited on April 18, 2018).

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.*

at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof  faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).   Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561.  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.  See Porter v. Nussle, 534 U.S. 516, 524 (2002).  Prisoners are no longer required to demonstrate exhaustion in their complaints.  See Jones v. Bock, 549 U.S. 199, 216 (2007).  Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.  *Id.*  With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as

"compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).  In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.  Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration."  Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P.  If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance.  *Id.*  The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff.  *Id.* at ¶ V.  The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.  *Id.* at ¶ BB.  If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.  *Id.* at ¶ FF.  The Step III grievance must be submitted within ten business days

after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of their motion, Defendants have submitted copies of the two grievances which they assert Plaintiff pursued through all three steps of the prison grievance process during the relevant time period. (ECF No. 10-1 at PageID.46-60). Plaintiff has not asserted that he pursued any other grievances through all three steps of the prison grievance process during the relevant time period. (ECF No. 11). As discussed below, however, the parties disagree as to the extent to which these two grievances exhaust Plaintiff's present claims.

      A.     Defendant Corizon

Defendant Corizon argues that Plaintiff has failed to properly exhaust any of his claims asserted against it. In his response, Plaintiff "concedes that he failed to exhaust his administrative remedies with respect to his claims against Corizon Health, Inc." (ECF No. 11 at PageID.78). The Court agrees that Plaintiff has failed to exhaust his claims against Defendant Corizon. Accordingly, the undersigned recommends that Plaintiff's claims against Defendant Corizon be dismissed without prejudice for failure to exhaust administrative remedies.

      B.     Defendant Crompton

      1.     Grievance ECF-2016-03-559-12d1

Plaintiff initiated this grievance on March 1, 2016, alleging that Dr. Crompton failed, following a December 22, 2015 examination, to request a surgical consultation for Plaintiff or provide Plaintiff with medication. (ECF No. 10-1 at PageID.54-60). Plaintiff pursued this grievance through all three steps of the grievance process. (ECF No. 10-1 at PageID.54-60). Defendants concede that this grievance properly exhausts the claims asserted therein.

2.     Grievance ECF-2016-05-1177-28a

Plaintiff initiated this grievance on April 30, 2016, alleging that Dr. Crompton denied him appropriate medical treatment in retaliation for pursuing the grievance discussed immediately above. (ECF No. 10-1 at PageID.47-53). Plaintiff also alleged that Dr. Crompton improperly cancelled the pain medication prescription issued to Plaintiff immediately following his April 25, 2016 surgery. (ECF No. 10-1 at PageID.47-53).

Plaintiff's Step I grievance was rejected as being duplicative of Grievance ECF-16-04-1158-12d3. (ECF No. 10-1 at PageID.50). Plaintiff nevertheless pursued the grievance through all three steps of the grievance process arguing, in part, that the determination that this grievance was duplicative was erroneous. (ECF No. 10-1 at PageID.47-53). Plaintiff has also argued in response to the present motion that the rejection of this grievance as duplicative was improper. (ECF No. 11).

Defendants have failed to provide the Court with a copy of Grievance ECF-16-04-1158-12d3 and, therefore, have failed to establish the absence of a factual question on the question whether Grievance ECF-2016-05-1177-28a was properly rejected. As Plaintiff has pursued this grievance through all three steps of the grievance process, Defendants have failed to establish that the grievance fails to exhaust the claims asserted therein. Accordingly, the undersigned recommends that Defendant Crompton's motion for summary judgment be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Partial Summary Judgment</u>, (ECF No. 10), be **granted in part and denied in part**. Specifically, the undersigned recommends that that Plaintiff's claims against Defendant Corizon be

dismissed without prejudice for failure to exhaust administrative remedies, but that Plaintiff's claims against Defendant Crompton proceed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  Respectfully submitted,

Dated: May 24, 2018                                            /s/ Ellen S. Carmody
                                                                  ELLEN S. CARMODY
                                                                  U.S. Magistrate Judge