UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EGELER,

    Plaintiff,

v.

CORIZON HEALTH CARE SERVICES, et al.,

    Defendants.
_____/

Case No. 1:17-cv-1099

HON. JANET T. NEFF

# OPINION AND ORDER

Pursuant to 42 U.S.C. § 1983, Plaintiff initiated this prisoner civil rights action on December 14, 2017 against Corizon Health Care Services, Inc. and Robert Crompton, M.D. Plaintiff alleges deliberate indifference to his serious medical needs under the Eighth Amendment and unlawful retaliation in violation of the First Amendment. Defendants filed a motion for partial summary judgment, arguing that Plaintiff failed to properly exhaust his administrative remedies against them for purposes of filing a § 1983 action. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) on May 24, 2018, recommending the motion be granted in part and denied in part. Defendant Crompton subsequently filed a motion for summary judgment, and the Magistrate Judge issued a Report and Recommendation on December 28, 2018, recommending that the motion be granted. The Court will consider both matters, in turn.

### I. May 24, 2018 Report and Recommendation (ECF No. 17)

Both Plaintiff and Defendant Crompton filed objections to the Magistrate Judge's May 24, 2018 Report and Recommendation, and they filed responses to the other's respective objections.[1] In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Plaintiff's objection to the Report and Recommendation. The Court grants Defendant's objection to the Report and Recommendation. The Court therefore adopts in part and rejects in part the May 24, 2018 Report and Recommendation, as described herein.

As a threshold matter, no objections were made to the Magistrate Judge's recommendation to dismiss Plaintiff's claims against Defendant Corizon without prejudice for failure to exhaust administrative remedies. And no objections were made to the Magistrate Judge's determination that the deliberate-indifference claims asserted against Defendant Crompton in Grievance ECF-2016-03-559-12d1 ("Grievance 12d1") were exhausted. Therefore, these sections of the May 24, 2018 Report and Recommendation are adopted as the Opinion of the Court.

Plaintiff and Defendant Crompton both object to the Magistrate Judge's exhaustion analysis as it pertains to the retaliation claims asserted against Defendant Crompton in Grievance ECF-2016-05-1177-28a ("Grievance 28a"). The Magistrate Judge determined that because Defendants did not provide Grievance ECF-16-04-1158-12d3 ("Grievance 12d3"), Defendants had "failed to establish the absence of a factual question on the question whether [Grievance 28a]

---

[1] Defendant Crompton argues that Plaintiff untimely filed his objection (Def. Resp., ECF No. 22 at PageID.155-156), an argument with which Plaintiff disagrees (Pl. Resp., ECF No. 26 at PageID.173-174). Even assuming arguendo that Plaintiff's objection was timely filed, his argument lacks merit for the reasons stated herein.

was properly rejected" as a "duplicate" of Grievance 12d3 (R&R, ECF No. 17 at PageID.112). Accordingly, the Magistrate Judge recommends that this part of Defendant Crompton's motion be denied.

Defendant Crompton supplied a copy of Grievance 12d3 in support of his objection to the Report and Recommendation (Def. Obj., ECF No. 18-1 at PageID.117-120). Defendant Crompton argues that he is entitled to summary judgment because Grievance 28a was properly rejected as duplicative and therefore Plaintiff has not properly exhausted the retaliation claims therein (*id.* at PageID.115). In his objection to the Magistrate Judge's analysis of Grievance 28a, Plaintiff argues that Grievance 28a was not properly rejected as duplicative of Grievance 12d3 because "the grievances addressed t[w]o separate actions" (Pl. Obj., ECF No. 19 at PageID.123).

Plaintiff's argument lacks merit.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). MDOC Policy Directive 03.02.130(G) states a "grievance may also be rejected" if it "raises issues that are duplicative of those raised in another grievance filed by the grievant." The Court finds that Defendant Crompton has borne his summary judgment burden, and Plaintiff has not rebutted Defendants' showing. Accordingly, the Court grants Defendant's objection and denies Plaintiff's objection. The Court therefore rejects the Report and Recommendation as it pertains to the retaliation claims asserted in Grievance 28a and determines that Defendants' motion for partial summary judgment is properly granted.

## II. December 28, 2018 Report and Recommendation (ECF No. 40)

As noted, while the objections to the Magistrate Judge's May 24, 2018 Report and Recommendation were pending, Defendant Crompton filed a motion for summary judgment of

3

both the deliberate-indifference and retaliation claims against him (ECF No. 31). The Magistrate Judge issued a Report and Recommendation on December 28, 2018, recommending that this Court grant Defendant Crompton's motion (ECF No. 40). The Report and Recommendation was duly served on the parties. No objections have been filed. *See* 28 U.S.C. § 636(b)(1). Therefore, the Court will adopt the Report and Recommendation as the Opinion of the Court.

In sum, Plaintiff's claims against Defendant Corizon are dismissed without prejudice for failure to exhaust administrative remedies; Plaintiff's deliberate-indifference claims against Defendant Crompton are dismissed with prejudice; and Plaintiff's retaliation claims are dismissed with prejudice, notwithstanding his failure to exhaust his administrative remedies. Because this Opinion and Order resolves the last pending claim in this case, a Judgment will also be entered. Further, because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objection (ECF No. 19) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Crompton's Objection (ECF No. 18) is GRANTED.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 17) is APPROVED IN PART and REJECTED IN PART, as described herein.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment (ECF No. 10) is GRANTED.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 40) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Crompton's Motion for Summary Judgment (ECF No. 31) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Judgment would not be taken in good faith.


Dated: February 5, 2019 　　　　　　　　　　　　　　　　　/s/ Janet T. Neff  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge